**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-1023
_____

DESMOND KEELS,
                                        Appellant

v.

UNIT MANAGER STEVE BUZAS (RHU)
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(W.D. Pa. Civil Action No. 2-16-cv-00302)
Chief Magistrate Judge:  Honorable Cynthia R. Eddy

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 4, 2020

Before: KRAUSE, MATEY and ROTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: July 10, 2020)
_____

OPINION[*]
_____

PER CURIAM

    Desmond Keels, a Pennsylvania state prisoner proceeding pro se, appeals an order

of the United States District Court for the Western District of Pennsylvania granting

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

summary judgment in favor of Steve Buzas, a Unit Manager at SCI-Fayette. We will affirm the judgment of the District Court.

Keels alleges in his Amended Complaint that prison staff have a "fight club" in the Restricted Housing Unit, that they arrange fights between inmates, and that they bet on who will win. Keels states that Buzas tried to recruit him to participate a number of times. He avers that on November 22, 2015, Buzas offered him single cell status and a prison transfer if he would fight on his behalf. Keels states that he refused, although he also avers that Buzas later offered him cigarettes and asked if they still had a deal.

Keels alleges that inmate Muir became his cellmate a few days earlier and that Muir insisted that he and Keels fight in the fight club. Keels states that he suggested to Muir that they "should call off the battle," but Muir said that he was going forward with the fight. Keels avers that he defended himself in a fight with Muir and that he was charged with misconduct afterwards in order to cover up the fact that Buzas and others had arranged it. He states that Buzas told him that he took the fight too far and that the fight was "on record" because Muir had to go to the hospital. Keels asked Buzas about his single cell status and Buzas told him that he was not getting it and that he should keep quiet. Buzas allegedly said that he could not believe that Keels almost killed a man over single cell status, a transfer, and cigarettes.

Keels avers that he received 180 days in disciplinary custody and appears to state that prison staff have charged him with additional misconduct because of the incident.

2

He claims that Buzas violated his Eighth Amendment rights by placing him in danger, his First Amendment right to be free from retaliation, and his Fourteenth Amendment rights.

Buzas moved for summary judgment on the ground that Keels failed to exhaust his administrative remedies under the Department of Corrections' Inmate Grievance System Policy Statement, Policy Number DC-ADM 804 ("DC-ADM 804"). Buzas provided a declaration by the prison's Grievance Coordinator, who stated that Keels had filed two grievances within the prescribed time after the incident and that neither grievance raised the claims in his lawsuit.

In response, Keels asserted that he exhausted his administrative remedies through the disciplinary appeals process pursuant to the Department of Corrections' Procedural Manual on Inmate Discipline, Policy Number DC-ADM 801 ("DC-ADM 801"). Keels submitted a record of his misconduct reports showing that he had filed three appeals related to the misconduct at issue and that the hearing officer's guilty verdict on charges of assault and unlawful restraint was upheld.

The District Court ruled that Keels had failed to exhaust his administrative remedies and granted Buzas' motion for summary judgment.[1] It explained that DC-ADM 804 provides a three-step process that a prisoner must follow to properly exhaust his administrative remedies, and that the record reflected that Keels did not file any grievances concerning the alleged fight club, wrongdoing by Buzas, or the constitutional

---

[1] The parties consented to adjudication by a Magistrate Judge.

3

claims raised in his complaint. The District Court stated that the materials Keels submitted did not show that he had filed a grievance concerning the issues in his lawsuit or that the administrative process was not available to him. This appeal followed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review a determination of a failure to exhaust de novo and the District Court's factual findings for clear error. Small v. Camden Cty., 728 F.3d 265, 268 (3d Cir. 2013).

The Prison Litigation Reform Act requires a prisoner to exhaust his available administrative remedies before bringing an action with respect to prison conditions under 42 U.S.C. § 1983 or any other federal law. 42 U.S.C. § 1997e(a); Ross v. Blake, 136 S. Ct. 1850, 1856 (2016). Failure to exhaust is an affirmative defense that the defendant must plead and prove. Rinaldi v. United States, 904 F.3d 257, 268 (3d Cir. 2018).

Keels argues on appeal that the applicable administrative remedy in his case is the appeal process under DC-ADM 801. He contends that a prisoner cannot file a grievance about a misconduct charge. Keels relies on the following provision of DC-ADM 804:

> Issues concerning a specific inmate misconduct charge, **conduct of hearing, statements written within a misconduct and/or other report,** a specific disciplinary sanction, and/or the reasons for placement in administrative custody will not be addressed through the Inmate Grievance System and must be addressed through Department policy **DC-ADM 801, 'Inmate Discipline'** and/or **DC-ADM 802, 'Administrative Custody Procedures.' Issues other than [sic] specified above must be addressed through the Inmate Grievance System.**

4

Buzas' App'x 2 to Motion for Summary Judgment, DC-ADM 804, Section 1.A.7 (emphasis in DC-ADM 804).[2] Buzas contends that "access to the ordinary grievance process for claims is only restricted to the relatively narrow circumstances of those issues that are *directly* related to the imposition of prison discipline; . . . ." Brief at 13.

We need not decide whether DC-ADM 804 or DC-ADM 801 applies because there is no indication that Keels pressed the claims in his complaint under either policy. As Buzas notes in his brief, Keels does not assert on appeal that he actually raised his claims in his disciplinary appeals. He also did not assert that he did so in response to the motion for summary judgment. The fact that Keels appealed the finding of misconduct is insufficient to survive summary judgment.

Accordingly, we will affirm the judgment of the District Court.

_____

[2]It is not clear that this provision was in effect when the November 22, 2015 incident occurred. Because the parties do not dispute that the provision applies, we assume that it does for purposes of this appeal.